# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TILLIE RUTH WALLEY TREST STEEPLES,**

    Petitioner,

vs.                                         Case No. 4:08cv39-WS/WCS

**WARDEN PAIGE AUGUSTINE,**

    Respondent.

_____/

## AMENDED REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

A report and recommendation was entered on August 15, 2008. Doc. 11. Petitioner filed a rebuttal to the Government's argument on August 14, 2008 (the date of mailing),[1] which was entered on the docket on August 20, 2008, and therefore not before the undersigned when the report and recommendation was entered. Doc. 12.

This amended report and recommendation replaces the initial report and recommendation (much of which is repeated here), and addresses Petitioner's rebuttal arguments.

---

[1] The certificate of service reflects mailing on July 14, 2008, clearly a typographical error as the attached affidavit is dated August 14, 2008, and the Government's response (to which the rebuttal is directed) was filed on August 7, 2008.

Pending is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Doc. 5.  The court directed an expedited response, doc. 6, and Respondent filed an answer.  Doc. 8.

Another order was entered, discussing the effect of the Second Chance Act of 2007, effective April 9, 2008, and possible mootness of this case.  Doc. 9.  That order is incorporated herein by reference.  *See* doc. 9, p. 10, n. 8 (anticipating the order would be incorporated in the recommendation, and that objections could be made to the recommendation).  As set forth there, Petitioner claimed that the discretion of the Bureau of Prisons (BOP) to place a prisoner in a Community Correctional Center (CCC), Residential Re-entry Center (RRC) or halfway house under 18 U.S.C. § 3521 was not subject to the time limits of 18 U.S.C. § 3624(c).  *Id.*, pp. 1-2.  Pursuant to 28 C.F.R. §§ 570.20 and 570.21, the BOP previously limited RRC placement eligibility to the last 10% of a sentence, not to exceed six months.  *Id.*, p. 6.  The Second Chance Act amended § 3621(a) and § 3624(c); in accordance with the amendments, the BOP is not currently following §§ 570.20 and 570.21.  *Id.*, pp. 6-7.  BOP staff are now to review inmates for RRC placement 17-19 months before their projected release dates, and inmates are to be individually considered using the five factors in § 3621(b).  *Id.*, pp. 7-8.  The criteria set forth in BOP Program Statement (PS) 7310.04 or other policy does not, at the current time, automatically preclude RRC placement.  *Id.*

In light of all of these developments, the court believed the current petition was moot, and that challenges to any decision made pursuant to the Second Chance Act were not yet ripe because Petitioner had not been denied placement beyond six months.  *Id.*, pp. 9-10.  Petitioner has now been scheduled for RRC placement on

November 20, 2008 (within six months of her release date).  Doc. 10 and attachment.  Petitioner was previously denied RRC placement for more than ten percent of her sentence, and advised she could not be transferred prior to November 18, 2008, in light of PS 7310.04 and § 570.21.  Doc. 9, p. 5.  The RRC placement date now indicated in the Government's response was presumably determined after enactment of the Second Chance Act, as Petitioner had a program review date in June of 2008.   Doc. 5, Ex 4 (doc. 5-5, p. 2 in the electronic docket).

Petitioner argues in rebuttal that there is no indication in the Government's response that the BOP even considered her for additional RRC placement under the Second Chance Act.  Doc. 12, p. 1.  But she also asserts that a team meeting was held in May of 2008, at which time she was told she met all qualifications under the Second Chance Act.  *Id.*, p. 2.  She claims that the papers were sent on June 5, 2008, before the court's order of July 7, and "[c]learly the BOP simply used her normal (under the old law) six month or ten per cent of her time halfway house date to respond to the Court, without ever considering her under the Second Chance Act of 2007."  *Id.*  Petitioner contends that the BOP "continually" ignores the law, noting (as an example) that the sentencing judge and prosecutor recommended placement in a camp close to her home in Mississippi, but the BOP ignored the recommendation.  *Id.*, pp. 2-3.[2]    Petitioner alleges that she went before her Unit Team for review on August 12, 2008, and was told

---

[2] Petitioner asserts, "[a]dditionally, the BOP has refused to allow Steeples credit for her 17 months 'post conviction' of 'severe' house arrest where she was monitored 24 hours per day and could not go 25 feet from her daughter's apartment."  *Id.*, p. 3.  Petitioner challenged the denial of credit for this period by separate § 2241 petition, which was denied.  *See* 4:07cv384-MP/WCS, docs. 7-9 (report and recommendation, order, and judgment entered March 7, 2008).

she is eligible for camp placement which (Petitioner contends) is contrary to the sentencing court's recommendation and her security level. *Id.*, pp. 3-4.

As previously noted by the court, the Second Chance Act expressly provides that recommendations by the sentencing court have no binding effect on the placement authority of the BOP. Doc. 9, pp. 2-3, quoting 18 U.S.C. § 3621(b) as amended.

Clearly, Petitioner has been assessed for an RRC placement date after April 9, 2008, and the current claim is moot. *Cf.* <u>Sparks v. Smith</u>, 2008 WL 2509435, at * 4 - *5 (E.D. Cal. June 23, 2008) (findings and recommendation of magistrate judge)[3] (it appeared that respondent provided all requested relief regarding RRC prerelease placement, where it had already conducted a second assessment in accordance with the Act and reaffirmed the prior assessment).

Any challenges to the assessment made after the effective date of the Second Chance Act, or to the alleged failure to comply with the new law, have not been exhausted and are not ripe for review.

Denial of the petition should be without prejudice for moot and unripe claims.

It is therefore respectfully **RECOMMENDED** that the amended § 2241 petition, doc. 5, be **DENIED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on August 27, 2008.

                                                    s/    William C. Sherrill, Jr.
                                                    **WILLIAM C. SHERRILL, JR.**
                                                    **UNITED STATES MAGISTRATE JUDGE**

---

[3] Review of the docket in that case (available in PACER) (Public Access to Court Electronic Records) reveals that the recommendation has not yet been adopted.

Case No. 4:08cv39-WS/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**